

FILED
FEB 17 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

# CRIMINAL COMPLAINT

### Affidavit

I, James A. Thomas, being duly sworn, depose and state as follows:   2:16MJ82

### Background of Affiant

1. I, James A. Thomas, am a Police Officer with the City of Virginia Beach Police Department. I have been employed in this capacity since September of 1990. During the past twenty-one years of service, I have worked as a narcotic detective with Special Investigations to include over eleven years as a deputized Task Force Officer with the United States Department of Justice Drug Enforcement Administration, in Norfolk, Virginia. During the course of my law enforcement experience, I have received extensive training emphasizing drug identification, distribution techniques, and methods of narcotic investigations and enforcement.

2. This affiant is familiar with the facts and circumstances surrounding the investigation of Quinn Ausidi GOFFIGAN. This affiant has reviewed reports of the Virginia Beach Police Department related to the investigations of Quinn GOFFIGAN. This affiant has compiled information derived from these reports and participated in additional discussions about the investigations of Quinn GOFFIGAN with Virginia Beach Police Department Narcotic and Homicide Detectives. This affidavit contains a probable cause statement to support the issuance of an arrest warrant for the offense of Possession of Cocaine and Cocaine Base with the Intent to Distribute and does not contain all the information known to this affiant regarding the investigations. Based upon this affiant's experience and training, as well as the investigations up to this point, this affiant knows the following.

### Facts Supporting Probable Cause

3. On the night of February 19, 2014, a Virginia Beach Police Officer was on foot patrol at the Red Roof Inn, located at 196 Ballard Court, Virginia Beach, VA. The officer observed activity indicative of narcotic trafficking to include observing a gold colored Cadillac enter the parking lot and park near room 151 at the inn. The officer observed the driver of the Cadillac go to one of the doors at the inn and knock on it and announce "it's Mike". At that point, the officer observed "Mike" and Quinn GOFFIGAN walk over to a red colored Lexus sedan that was parked near the room. The officer saw GOFFIGAN open the driver's side door of the Lexus and retrieve something. The officer saw GOFFIGAN holding a plastic bag containing an off-white substance in his hand. The officer observed GOFFIGAN handing some of the off-white substance to "Mike". "Mike" then got back in the Cadillac and drove away. At that point, GOFFIGAN got in the Lexus and started the vehicle. GOFFIGAN then put the plastic bag with the off-white substance down on the passenger's seat of the Lexus. The officer observed all of this activity from the second floor of the inn. Once GOFFIGAN was in the Lexus, the officer

1



went down to the first floor and shined his flashlight in GOFFIGAN's direction. At that point, the officer observed GOFFIGAN reaching into the passenger's seat.

4. As the officer approached, GOFFIGAN got out of the Lexus quickly and the officer lost sight of GOFFIGAN'S hands. The officer came around the back of the Lexus and made contact with GOFFIGAN. The officer asked GOFFIGAN if he was staying at the hotel and GOFFIGAN said yes, he was in room 151. The officer asked GOFFIGAN for his ID and he identified himself as GOFFIGAN as he handed the officer his ID. While the officer conducted checks on GOFFIGAN'S information, GOFFIGAN got back in the Lexus. The officer looked in the backseat of the Lexus and saw a plastic bag containing about 15 rocks of an off-white solid substance. At that point, the officer asked GOFFIGAN to stand up, turn around, and put his hands behind his back. GOFFIGAN gestured as if he was going to comply and then took off running. The officer gave chase for a short distance but was unable to catch GOFFIGAN before he escaped. As GOFFIGAN was running, the officer observed something drop to the ground. The officer then retrieved what GOFFIGAN had dropped, which turned out to be two cellular phones. The officer then returned to the Lexus where the officer retrieved the off-white solid substance from the back seat of the Lexus. After retrieving the substance, the officer counted a total of 14 rocks of off-white substance. The substance was subsequently sent to the state laboratory and tested positive as approximately 4.81 grams of cocaine. The officer believed that based on his training, many years of experience, some of which included years of narcotic investigations that the 14 rocks appeared to be crack cocaine. The evidence has subsequently been resubmitted to the state laboratory and they are currently being re-analyzed for the presence of crack cocaine. As of yesterday afternoon, February 16, 2016, the state laboratory indicated that the crack cocaine base analysis had not yet been completed on these resubmitted substances. The state laboratory does not initially test for crack cocaine unless otherwise requested because Virginia state law does not distinguish between the substances, unlike federal law. The officer obtained arrest warrants for GOFFIGAN. About two months later, on April 15, 2014, GOFFIGAN was located and was arrested. GOFFIGAN was released on bond pending trial.

5. On August 10, 2015, while still pending trial, Quinn GOFFIGAN was the victim of a shooting on Wetherington Drive, in the Manchester Village neighborhood of Virginia Beach, VA. Police officers responded to the scene and found GOFFIGAN suffering from multiple gunshot wounds to his torso. GOFFIGAN was transported to the hospital by ambulance and received lifesaving medical care. Once GOFFIGAN arrived at the hospital, his bloody clothing was cut off him and removed by hospital staff. A Virginia Beach Officer was present when this happened and he took possession of GOFFIGAN'S clothes, which were placed in a bag and sealed. The officer maintained custody of the bag in an evidence locker accessible only to law enforcement. Subsequently, the bag was turned over to a forensics technician, who processed and examined the bloody clothing as evidence of the shooting. Once the forensic science technician received the clothing, the forensics technician did an inventory of the clothing and its contents. The forensic technician found approximately 25 individually packaged off-white rocks in

2



GOFFIGAN'S clothes, which was suspected to be crack cocaine. The forensic technician relinquished custody of the off-white rocks to police officers and they were later submitted to the state laboratory for analysis. The laboratory report shows the substance to be approximately 8.21 grams of cocaine. The 25 rocks are also currently being re-analyzed for the presence of crack cocaine. As of yesterday, February 16, 2016, the laboratory indicated that the crack cocaine base analysis had not yet been completed. Officers continued to investigate the shooting and eventually made an arrest in connection with GOFFIGAN'S shooting.

6. On September 24, 2015, GOFFIGAN was arrested by Virginia Beach Police Officers for an outstanding felony warrant connected to the possession of cocaine recovered from GOFFIGAN'S clothing on the August 10, 2015 shooting incident. GOFFIGAN was advised of his Miranda Rights and after voluntarily waiving his rights, made statements to include identifying his shooter and making statements that he (GOFFIGAN) was a drug dealer.

7. During the course of this investigation, a cooperating witness contacted this affiant and provided information about his knowledge of Quinn GOFFIGAN'S crack cocaine distribution activities. The cooperating witness, hereinafter referred to as CW #1, advised this affiant that he was contacted by GOFFIGAN in February of 2014, after GOFFIGAN ran from the police at the Red Roof Inn Hotel in Virginia Beach, VA. CW #1 advised this affiant that he received a call from GOFFIGAN after he ran from the police, instructing CW #1 to go and pick up an ounce of cocaine that GOFFIGAN threw by the pool area at the Red Roof Inn. CW #1 advised that he followed GOFFIGAN'S instructions and located the cocaine and later delivered it to GOFFIGAN. In addition, CW #1 advised this affiant that he has known GOFFIGAN for approximately 3 years and has an extensive history of purchasing crack cocaine from GOFFIGAN. CW #1 advised that he has also witnessed GOFFIGAN in possession of very large quantities of cocaine, in excess of a kilogram of cocaine on two separate occasions. CW #1 advised that he has observed GOFFIGAN cooking multiple ounces of crack cocaine on numerous occasions. CW #1 advised that in 2014, GOFFIGAN supplied CW #1 with a cellular phone and crack cocaine and instructed CW #1 to make deliveries to customers on numerous occasions.

8. Based on the foregoing, this affiant believes there is probable cause to believe Quinn Ausidi GOFFIGAN violated Title 21, United States Code, Section 841 (a)(1) and (b)(1)(C), Possession with the Intent to Distribute Cocaine and Cocaine Base, and I request an arrest warrant be issued. The incidents described in this affidavit occurred in the Eastern District of Virginia. This affidavit does not contain all of the information that this affiant knows about this investigation.

3



_(signature)_
James A. Thomas
DEA Task Force Officer

Reviewed and Approved:

_(signature)_
Kevin Hudson
Assistant United States Attorney

Sworn to and Subscribed before me on this 17th day of February 2016.

_(signature)_
United States Magistrate Judge
at Norfolk, Virginia

Douglas E. Miller
United States Magistrate Judge